FILED
CLERK, U.S. DISTRICT COURT
03/25/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

Dylan Herrington
26807 Mountain Glen Drive
Menifee, CA 92584
951-419-2413
d.herrington312@gmail.com
*Plaintiff is Pro Se*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

Dylan Herrington
Plaintiff
Vs.

Target 30340 Haun Road
Menifee CA, 92584
Defendant

Case No.5:23−cv−01676−MRA(SHKx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Date: May 16, 2024
Time: 1:30 p.m.

Judge: Mónica Ramírez Almadani
Courtroom: 10B

Magistrate: Shashi H. Kewalramani
Courtroom: 3 or 4, 3rd Floor

Trial Date: September 24, 2024
Complaint Filed: June 2, 2023

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………………3

II. STATEMENT OF FACTS………………………………………………...3

III. ARGUMENT………………………………………………………………4

IV. CONCULSION…………………………………………………………..5

## I. INTRODUCTION

Defendant Target Corporation has filed another motion to dismiss the plaintiff's claims, as they are within their legal ability to do so, just as the plaintiff is allowed to make amendments to his complaint as ordered by the court. But, Target again states factually incorrect information regarding the statute of limitations and asserts the plaintiff failed to state a claim. The Plaintiff will explain in detail how he properly stated a claim and followed rule Rule 12(b)(6) and the claim/claims will survive the motion to dismiss.

## II. STATEMENT OF FACTS

Plaintiff was employed at the Menifee Target for about 2 years before he was falsely accused of sexual harassment/assault. These accusations began when an ETL(Executive Team Lead) took the plaintiff into a back office in the store and told him he, "doesn't know what consent means", "no means no" and "You're inappropriate." The ETL even intimidated the plaintiff into admitting he was "inappropriate." The plaintiff told other employees what the ETL told him and the next day asked to talk to HR via text messages. The plaintiff was told he would have to wait until his next scheduled work day before he could talk to hr, Cece Hernadez, which was 2 weeks away. When the plaintiff next went to work he had a meeting with Cece at the end of his shift, where Cece proceeded to deny any accusations were made. Cece then questioned the plaintiff about what he had allegedly said to other employees, which in the HR's exact words "You said Imara called you a pedophile?" and "You texted people at OPU that Imara called you a rapist?" The plaintiff did not say or text any Target team members those words.

After the meeting, the plaintiff left Target and sent an email to Cece a couple of days later asking for a written statement of what the ETL had accused him of, then later sent an email that said disregarded the previous email. The next week

when the plaintiff came into work he was fired and was denied any documents regarding the incident by the store director. Such events at Target led to a decline in the plaintiff's mental health.

## III. ARGUMENT

**1. The Plaintiff did engage in a protected activity and statutorily protected expression for his Retaliation Claim,**

To establish a prima facie case of retaliation under the FEHA, "a plaintiff must show (1) he or she engaged in a "protected activity," (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Nealy v. City of Santa Monica, 234 Cal.App.4th 359, 380 (2015) (internal quotations omitted). Under Title VII, a prima facie case of retaliation requires a plaintiff to show that "(1) he has engaged in statutorily protected expression; (2) he has suffered an adverse employment action; and (3) there is a causal link between the protected expression and the adverse action." E.E.O.C. v. Dinuba Medical Clinic, 222 F.3d 580, 586 (9th Cir. 2000).

"(1) he or she engaged in a protected activity," A Protected activity includes: complaining about discriminatory or harassing behavior; disclosing/reporting violations of law, rule or procedure fraud, waste or abuse; and participating in discrimination or whistleblower proceedings (such as an investigation or lawsuit)

The Plaintiff complained about discriminatory or harassing behavior when he asked to speak with HR about ETL Greg yelling at him "You don't know what consent means" "no means no", "You're inappropriate", and "If you look at her

you're gonna get fired." By addressing his harassment to the HR he made a complaint, which shows the plaintiff engaged in a protected activity.

The complaint led to an employer investigation of alleged harassment with the HR, which led to the plaintiff answering questions on June 8th, which falls under "(1) he has engaged in statutorily protected expression" The plaintiff had both instances of engaging in his is protected activities and statutorily protected expression in the workplace yet the defendant falsely claims he did not participate in either.

"(2) the employer subjected the employee to an adverse employment action" The Plaintiff was immediately fired from his place of employment after complaining about harassing behavior and after his complaint led to an employer investigation, which is definitely not a coincidence as to why he was fired.

"(3) a causal link existed between the protected activity and the employer's action." It can not be more clear that a causal link existed between complaining about harassing behavior and his complaint led to an employer investigation which led to him being fired, but as expected Target denies any such link. Since the plaintiff has all three actions to state a retaliation claim, his claim of retaliation cannot be dismissed.

**2. Plaintiff Did Allege Harassment As A Member of A Protected Class For his Hostile Workplace Environment**

"To establish a prima facie case of a hostile work environment, [plaintiff] must show that (1) [he] is a member of a protected class; (2) [he] was subjected to

unwelcome harassment; (3) the harassment was based on [his] protected status; (4) the harassment unreasonably interfered with [his] work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." Ortiz v. Dameron Hospital Assn., 37 Cal.App.5th 568, 581 (2019).

"(1) [he] is a member of a protected class." Sex/sexual orientation falls under a protected class. The workplace harassment that occurred is centered around the plaintiff's perceived sexual orientation and or sexual conduct, so he is a member of a protected class.

"(2) [he] was subjected to unwelcome harassment." By the plaintiff being labeled a pedophile, he was falsely accused about his sexual orientation, which is unwelcome harassment.

"(3) the harassment was based on [his] protected status." The harassment was based on his sexual orientation which is a protected status.

"(4) the harassment unreasonably interfered with [his] work performance by creating an intimidating, hostile, or offensive work environment;" The words pedophile and rapist were used to offend the plaintiff, which was successful because he was contemplating suicide.

"(5) defendants are liable for the harassment." The defendants are responsible for the harassment because it took place in a Target store during working hours.

**3. Plaintiff's Defamation Claim Is Not Time-Barred by Relevant Statute of Limitations**

As stated above, the Plaintiff filed his complaint on June 2, 2023, and the defamation claim took place on June 8, 2022. The defamation is within the 1-year statute of limitations. The defendant incorrectly used the meeting with ETL Greg as the reason for his defamation claim.

**4. Plaintiff Dosent Believe he Consented to the Publication of the Statements Challenged**

This may be the only claim that the defendant Target Corporation might be able to get dismissed. It should be noted that the plaintiff asked the employees who he believed to have made the false accusations of being called a rapist and a people, so they are not considered a third party as they participated in the statements, as such the statements were not made public.

## IV. CONCLUSION

The plaintiff correctly stated his Retaliation and Hostile Workplace Environment claim and should not be dismissed.

March 25 , 2023

Dylan Herrington
By ___________________
Plaintiff is Pro Se