# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN HERRINGTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION,<br><br>　　　　　　Defendant. | Case No. 5:23-cv-01676-MRA-SHK<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE [ECF 33]** |

Before the Court is Defendant Target Corporation's Motion to Dismiss Plaintiff Dylan Herrington's Third Amended Complaint (the "Motion"). ECF 33. The Court read and considered the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The hearing on the Motion was therefore **VACATED** and removed from the Court's calendar. ECF 38. For the reasons stated herein, the Court **GRANTS** the Motion and **DISMISSES** this action with prejudice.

///
///
///

## I. FACTUAL & PROCEDURAL BACKGROUND[1]

Plaintiff Dylan Herrington was formerly employed by Defendant Target Corporation. ECF 31 ¶¶ 3-4. On May 25, 2022, Plaintiff was called into a meeting with a manager named Greg. *Id.* ¶ 6. During the meeting, he was told that, if he interacted further with another employee, he would be fired. *Id.* The manager stated that Plaintiff was "inappropriate" with the other employee and did not understand consent. *Id.* Plaintiff discussed the meeting with other employees. *Id.* ¶ 7. The TAC alleges that "[Plaintiff] was in complete shock" after the meeting and "told other employees that, '[the manager] said I don't know what consent means, no means no, I'm inappropriate, and if I look and *[sic]* [the other employee] I'm gonna get fired." *Id.* Plaintiff also "texted a lead what Greg had said to [him] and asked if [he] could talk to the HR ETL whose name is Cece Hernandez." *Id.* This "lead" informed Plaintiff that he "[could] talk to Cece" in Human Resources ("HR"). *Id.*

Two weeks later, on June 8, 2022,[2] Plaintiff went to work and "felt as if fellow employees were staring at [him] and were being somewhat rude and hostile in how they [spoke] to [him], which made [him] feel very uneasy." *Id.* ¶ 8. That day, Plaintiff met with Cece, the HR manager, to discuss this matter. *Id.* ¶ 8. Plaintiff asked what had happened with the other employee and why Greg had said to him that he did not know what consent means. *Id.* The HR manager confirmed that the other employee did not want Plaintiff to

---

[1] The factual background is described as alleged in Plaintiff's Third Amended Complaint ("TAC"). *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. NEA*, 629 F.3d 992, 998 (9th Cir. 2010). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Plaintiff does not include the year in most dates pleaded in the TAC. The Court has deduced that Plaintiff is referring to dates in 2022 since the events giving rise to this action occurred within a three-week period beginning on May 25, 2022. *Id.* ¶¶ 6-8.

talk to her anymore. *Id.* The HR manager then asked Plaintiff what he had shared with other employees about the incident. *Id.* ¶ 9. The TAC states that Plaintiff told the HR manager the following: "I told people that [the other employee] had called me a pedophile and that I texted people that [the other employee] Called me a rapist." *Id.* The HR manager then confirmed that this is what he had said to other employees and asked if Plaintiff's manager, Greg, had told him not to tell other people. *Id.* The HR manager also told Plaintiff not to "text anyone about this" and that Plaintiff should talk to Greg. *Id.* Plaintiff did not want to talk to Greg, but the HR manager insisted that he do so. *Id.* The HR manager then called Greg into the office using a "walkie-talkie that everyone in the store uses to communicate with each other." *Id.* ¶ 10. Plaintiff alleges that he confronted Greg about what he had said to him about not "know[ing] what consent means," and that Greg said he did not say that to him, which Plaintiff said was a lie. *Id.*

Plaintiff alleges that "[a] couple of days later" he sent an email to Cece, the HR manager, asking for "a written statement from ETL Greg about what he had said to me." *Id.* ¶ 13. But he then rescinded the request "[a]bout 15 minutes after sending the email" because he "decided [he] didn't want to take legal action" and "instead wanted to see if there was a way to settle this out of court." *Id.*

The following week, Plaintiff was called into a meeting with the store director and terminated from employment. *Id.* ¶¶ 13-14. Due to the stress of the incident, Plaintiff was hospitalized and received mental health treatment. *Id.* ¶ 18. Plaintiff then quit a separate job. *Id.* ¶ 19. On these allegations, Plaintiff brings claims against Defendant for defamation, retaliation, and a hostile work environment. *Id.* ¶¶ 21-29.

Defendant removed this action from the Riverside County Superior Court to federal court on August 18, 2023. *Id.* On August 25, 2023, Defendant moved to dismiss the Complaint, without opposition. ECF 11, 12. On October 23, 2023, this Court (Hon. Mark C. Scarsi presiding) granted the motion in open court, giving Plaintiff leave to amend the First Amended Complaint. ECF 17; ECF 23-1 at 7.

Plaintiff, proceeding *pro se*, filed a Second Amended Complaint ("SAC") on November 6, 2023. ECF 18. On November 20, 2023, Defendant moved to dismiss the SAC. ECF 23. On February 12, 2024, this Court (Hon. Mark C. Scarsi presiding) granted dismissal in substantial part with leave to amend. ECF 29. The Court dismissed Plaintiff's hostile work environment and retaliation claims under the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VII") for failure to exhaust the administrative remedy process and, alternatively, for failure to state a claim. ECF 29 at 2-4. Specifically, the Court held that Plaintiff had not alleged any facts that plausibly show that he was harassed based on a protected status or that he engaged in a protected activity. *Id.* at 3-4. The Court also dismissed Plaintiff's defamation claim as untimely and, alternatively, for failure to state a claim because Plaintiff consented to publication of the allegedly defamatory statements. *Id.* at 5-6. The Court granted Plaintiff leave to amend in part because Plaintiff represented that he had exhausted administrative remedies, and that he would be able to allege defamatory statements that were not time-barred. *Id.* at 6.

This action was reassigned to the undersigned district judge on February 23, 2024. ECF 30. The operative Third Amended Complaint ("TAC"), filed on February 26, 2024, now alleges that Plaintiff received a right-to-sue notice pursuant to the FEHA. ECF 31 ¶ 5. Plaintiff now states that he "felt intimidated at his job due to unwelcome behavior in the workplace" on May 25 and June 8, 2022, including "being threatened to be fired" and being questioned through "the use of offensive words." *Id.* ¶¶ 21-22. Plaintiff newly alleges that this hostile work environment arose from harassment based on his sex or sexual orientation. *Id.* ¶ 22. Plaintiff now claims that he learned of defamatory statements on June 8, 2022, when meeting with the HR manager. *Id.* ¶ 25.

Defendant filed the instant Motion on March 11, 2024, arguing that Plaintiff's claims "remain fatally flawed," therefore warranting dismissal with prejudice. ECF 33 at 5. Plaintiff opposes the Motion. ECF 35. Defendant filed a Reply. ECF 37.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court "must accept as true all the factual allegations contained in the complaint," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* pleading, however, shall be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The court has an obligation to afford the *pro se* complainant "the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## III. DISCUSSION

### A. Failure to State Defamation Claim

Defendant argues that Plaintiff's defamation claim is still time-barred, and even if it fell within the statute of limitations, Plaintiff consented to publication of the challenged statements. ECF 33-1 at 8-10. The Court considers each argument in turn.

1. Statute of Limitations

Under California law, an "action for libel [or] slander" must be brought "[w]ithin one year." Cal. Civ. Proc. Code § 340(c). "An action is commenced . . . when the complaint is filed." *Id.* § 350. "In a claim for defamation, as with other tort claims, the period of limitations commences when the cause of action accrues." *Shively v. Bozanich*, 31 Cal. 4th 1230, 1246 (2003). "[A] cause of action for defamation accrues at the time the defamatory statement is published." *Id.* at 1247 (internal quotation marks omitted). "[T]he general rule is that publication occurs when the defendant communicates the defamatory statement to a person other than the person being defamed." *Id.* A statute of limitations is an affirmative defense. *See Minton v. Cavaney*, 56 Cal. 2d 576, 581 (1961). An affirmative defense "can serve as the basis for dismissing a complaint at the pleadings stage under Rule 12(b)(6) only when the elements of the defense appear on the face of the complaint." *Puri v. Khalsa*, 844 F.3d 1152, 1158 (9th Cir. 2017) (emphasis omitted) (citation omitted).

In the TAC, Plaintiff alleges that a manager, Greg, confronted him on May 25, 2022, to warn him that, if he interacted further with another employee, he would be fired. ECF 31 ¶ 6. The manager stated that Plaintiff was "inappropriate" with the other employee and did not understand consent. *Id.* ¶ 7. Two weeks later, on June 8, 2022, Plaintiff informed an HR manager that he had shared with other employees what his manager had told him on May 25. *Id.* ¶ 9 ("I told people that [the other employee] had called me a pedophile and that I texted people that [the other employee] Called me a rapist."). Based on these facts, it is not clear whether *Defendant*, as opposed to Plaintiff, communicated any allegedly defamatory statements to a person other than Plaintiff during these meetings. Plaintiff nevertheless alleges that he learned of defamatory statements "that other employees were saying" on June 8, 2022, when he met with the HR manager. ECF 31 ¶ 25 ("HR stated as a fact, that other employees were saying that I said to them that [the other employee] called me a pedophile.").

The state court documents attached to Defendant's Notice of Removal indicate that Plaintiff first filed this action on June 2, 2023. The summons and civil case cover sheet

are stamped as filed on June 2, 2023. ECF 1-2 at 2, 9-10. The clerk of court also dated the notice of case management conference on June 2, 2023. *Id.* at 11-12. As noted in the prior dismissal Order, the state court docket contains a "1st amended complaint," which was filed on June 21, 2023. ECF 39 at 5.

On these limited facts, the Court cannot determine with certainty whether Plaintiff filed this action within the statute of limitations. If the purportedly false statements were communicated to third parties by Defendant before June 2, 2022, they are time-barred, but if they were communicated on June 8, 2022, as Plaintiff alleges, they are not, because there is sufficient evidence that Plaintiff filed this action on June 2, 2023, within one year of the cause of action accruing. As such, the Court cannot dismiss the defamation claim at this stage *on this ground* under Rule 12(b)(6).

### 2. Consent to Publication

"One of the oldest and most widely recognized defenses to the publication of defamatory matter is the doctrine of consent." *Royer v. Steinberg*, 90 Cal. App. 3d 490, 498 (1979); *see also* Cal. Civ. Code § 3515 ("He who consents to an act is not wronged by it."). Consent applies "where a statement made privately to the plaintiff is published solely through the actions and effort of the plaintiff." *Royer*, 90 Cal. App. 3d at 498. As with a statute of limitations defense, consent can serve as the basis for dismissal when "the elements of the defense appear on the face of the complaint." *Puri*, 844 F.3d at 1158.

The Court previously held that Plaintiff consented to publication of the allegedly defamatory statements. ECF 29 at 5-6. The TAC does not alter this determination. The TAC alleges that defamatory statements were communicated to Plaintiff in private meetings on May 25, 2022, and June 8, 2022. ECF 31 ¶¶ 6, 9. As to the May 25, 2022, incident, Plaintiff now alleges that, instead of telling other employees generally what had happened during the meeting after-the-fact, he in fact explicitly repeated the purportedly defamatory statements to other employees. *Compare* ECF 18 (SAC) ¶ 6 ("I told other employees what had happened") *with* ECF 31 (TAC) ¶ 7 ("I told other employees that, '[the manager] said I don't know what consent means, no means no, I'm inappropriate, and

if I look a (sic) [the other employee] I'm gonna get fired.'"). At the June 8, 2022, meeting, when asked by the HR manager, Plaintiff admits that he had discussed the incident with other people. *Id.* ¶ 9 ("I didn't text anyone about this except the leads"); *see id.* (stating that the HR manager made Plaintiff feel as if he "had done something wrong by telling other employees about what had happened [at the May 25, 2022 meeting]"). Thus, Plaintiff's TAC only reaffirms what this Court previously concluded: "Plaintiff consented, in a legal sense, to those statements." ECF 29 at 5.

In his Opposition, Plaintiff contends that he did not consent to publication of the challenged statements because he repeated the statements to the employees who he believed had made the false accusations. ECF 35 at 7. It is true that confronting a purported defamer with allegedly defamatory statements would not constitute consent by publication. S*ee Shively*, 31 Cal. 4th at 1247 (noting that publication requires communication of the defamatory statement to a third party). However, Plaintiff's argument is not consistent with the TAC, and therefore lacks credibility. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (explaining that a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). The TAC alleges that, after ending his shift on May 25, 2022, Plaintiff texted a manager about what was discussed at the meeting earlier that day. ECF 31 ¶ 7. Plaintiff does not allege that the manager he texted had defamed him or that he intended to confront her with any defamatory statements. *See id.* Rather, he texted her to arrange a meeting with HR. *Id.* In addition, Plaintiff acknowledges repeating the purportedly defamatory statements to employees in the plural. *Id.* Having published statements that were made privately, Plaintiff cannot now claim to have been legally wronged by their utterance. *See* Cal. Civ. Code § 3515.

Accordingly, the Court dismisses the defamation claim on this ground.

///
///
///

### B. Failure to State Retaliation and Hostile Work Environment Claims

Defendant contends that although Plaintiff has now alleged facts indicating exhaustion of administrative remedies, he still has no legal basis to bring retaliation and hostile work environment claims under FEHA and Title VII. ECF 33 at 10-12.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "While the wording of Title VII and the FEHA differs in some particulars, . . . the antidiscriminatory objectives and overriding public policy purposes of the two acts are identical." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 278 (2006).

#### 1. Hostile Work Environment

FEHA and Title VII can be violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citation and quotation marks omitted); *accord Lyle*, 38 Cal. 4th at 279.

Plaintiff now claims that he experienced a hostile work environment based on his sex or sexual orientation. ECF 31 ¶ 22. To state a hostile work environment claim based on sex under Title VII and the FEHA, a plaintiff must show that she was subjected to sexual advances, conduct, or comments that were (1) unwelcome; (2) because of sex; and (3) sufficiently severe or pervasive to alter the condition of her employment and create an abusive work environment; and (4) that the offending conduct was imputable to her employer. *Lyle,* 38 Cal. 4th at 279 (observing that the same standard for a hostile work environment sexual harassment claim applies in the Title VII and the FEHA contexts).

As this Court previously held, Plaintiff has not alleged harassment based on a protected status. *See* ECF 29 at 6. Plaintiff claims that he was harassed on two occasions. ECF 31 ¶ 21. On May 25, 2022, he was told that he was "inappropriate" and that he did

not understand what consent means. *Id.* ¶¶ 6, 21. On June 8, 2022, he alleges that the HR manager used "offensive words"—rapist and pedophile—in a "questioning tone." *Id.* ¶ 22. Neither incident constitutes actionable harassment. The use of the term "pedophile" does not fall within the definition of sexual orientation. *See* Cal. Gov't Code § 12926(s) (defining "sexual orientation" to mean "heterosexuality, homosexuality, and bisexuality"). As for harassment based on sex, the Supreme Court has explained that "workplace harassment, even harassment between men and women, is not automatically discrimination because of sex merely because the words used have sexual content or connotations." *Oncale v. Sundowner Offshort Servs., Inc.*, 523 U.S. 75, 80 (1998). Here, Plaintiff alleges facts that at best lead to the plausible inference that the remarks made were "tinged with offensive sexual connotations," *id.* at 81, but he has not shown that the conduct "actually constituted 'discriminat[ion] . . . because of . . . sex,'" *id.* (quoting 42 U.S.C. § 2000e—2(a)(1)).

Moreover, the two isolated incidents complained of do not amount to conduct "severe or pervasive enough to create an objectively hostile or abusive work environment." *Harris*, 510 U.S. at 21; *see also Lyle*, 38 Cal. 4th at 283 ("[A]n employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature."); *Herberg v. Cal. Inst. of the Arts*, 101 Cal. App. 4th 142, 151 (2002)( "[A] single incident must be severe in the extreme and generally must include either physical violence or the threat thereof."). "[M]ere utterance of an . . . epithet which engenders offensive feelings in a[n] employee, does not sufficiently affect the conditions to employment to implicate Title VII." *Harris*, 510 U.S. at 22 (citation and internal quotation marks omitted). Plaintiff states that these incidents made him feel "verbally abused," "unwelcomed," "intimidated," and "threatened." ECF 31 ¶¶ 6, 21-22. But "[t]o be actionable, 'a sexually objectionable environment must be both objectively and subjectively offensive.'" *Lyle*, 38 Cal. 4th at 284 (quoting *Faragher v. Boca Raton*, 524 U.S. 775, 787 (1998)). Plaintiff may "subjectively perceive[] the workplace as hostile or abusive," but he cannot prevail "if a

reasonable person in the plaintiff's position, considering all the circumstances, would not share the same perception." *Id.*

Plaintiff's TAC does not raise a plausible inference that Plaintiff experienced harassment based on a protected status, or that the harassment was so pervasive and severe as to create a genuinely hostile work environment. Thus, the Court dismisses Plaintiff's hostile work environment claim.

### 2. Retaliation

To plead a *prima facie* case of retaliation under the FEHA, "a plaintiff must show (1) he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 380 (2015) (citation and internal quotation marks omitted). A substantially similar standard applies to retaliation claims under Title VII. *See E.E.O.C. v. Dinuba Med. Clinic*, 222 F.3d 580, 586 (9th Cir. 2000).

Under the FEHA, "[p]rotected activity" includes "[o]pposing employment practices that an individual reasonably believes to exist and believes to be a violation of [FEHA]" and "[p]articipating in an activity that is perceived by the employer . . . as opposition to discrimination[.]" Cal. Code Regs. tit. 2, § 11021 (a)(1). Likewise, under Title VII's anti-retaliation provision, "a complaint by an employee that a supervisor has violated Title VII may constitute protected activity for which the employer cannot lawfully retaliate." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009) (holding that an employee's internal complaint to a human resources representative about supervisors' purported discriminatory comments amounts to protected activity under Title VII); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) ("[A]sserting one's civil rights . . . is a protected activity under Title VII and FEHA."). Informal complaints to HR about a supervisor's behavior can constitute a protected activity, provided the plaintiff reasonably believes the alleged misconduct complained of violates FEHA and Title VII. *See Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1224 (E.D. Cal. 2006)

1  (finding that plaintiff engaged in protected activity when she complained to a supervisor
2  about sexually derogatory comments).  However, a complaint about a supervisor's lack of
3  professionalism, without more, does not constitute protected activity.  *See Day v. Sears*
4  *Holdings Corp.*, 930 F. Supp. 2d 1146, 1176-77 (C.D. Cal. 2013) (holding that plaintiff's
5  complaints about unprofessional conduct, such as inappropriate conversations regarding
6  girlfriends and infidelity, does not constitute protected activity).

7  Plaintiff has not alleged facts that plausibly indicate he engaged in protected activity.
8  Plaintiff argues that he engaged in protected activity when he complained to HR about the
9  May 25, 2025, incident involving Greg.  ECF 35 at 4.  Specifically, the TAC alleges that
10 Plaintiff asked the HR manager what the complaining employee had said happened and
11 why Greg said that he did not know what consent means.  ECF 31 ¶ 8.  He did not complain
12 of any conduct that objectively constitutes harassment or discrimination based on a
13 protected status, or any other employment practice proscribed under FEHA and Title VII.
14 As explained above, while Greg's comments may have been subjectively perceived by
15 Plaintiffs as unsavory and unprofessional, they were not objectively unlawful under FEHA
16 and Title VII.  *See Lyle*, 38 Cal. 4th at 280 ("[I]t is disparate treatment of an employee on
17 the basis of sex—not the mere discussion of sex or use of vulgar language—that is the
18 essence of a sexual harassment claim.").

19 Thus, Plaintiff has not alleged facts to demonstrate that he engaged in protected
20 activity.  Accordingly, the Court dismisses Plaintiff's retaliation claim.

21 **C.  Leave to Amend**

22 Federal Rule of Civil Procedure 15(a) provides that after a party has amended a
23 pleading once as a matter of course, it may amend further only after obtaining leave of the
24 court or by consent of the adverse party.  In general, "[t]he court should freely give leave
25 when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with
26 extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.
27 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.
28 1990)).  "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court

should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez*, 203 F.3d at 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Moreover, "a district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 845 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)).

Notwithstanding the liberal standard under Rule 15(a), leave is "not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). In determining whether to grant leave to amend, courts balance the following factors: (1) undue delay; (2) bad faith or dilatory motive of the moving party; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the non-moving party by virtue of allowance of the amendment; and (5) futility of amendment. *Eminence Capital, LLC v. Asepon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (quotation marks omitted).

On balance, the *Foman* factors favor dismissal in this case. To be sure, Plaintiff has not acted with bad faith or dilatory motive. Nor has Defendant stated that it would be prejudiced by further amendment. However, Defendant argues that Plaintiff should be denied leave to amend because he "has had multiple opportunities to amend his pleadings, and with his most recent amendment, he has failed to allege any new or substantive facts to support his claims." ECF 33-1 at 12.

The Court agrees that Plaintiff's failure to cure previously identified deficiencies despite previous rounds of motions to dismiss and dismissal orders indicates that an additional round of amendment would be futile. The Court's most recent dismissal order provided Plaintiff with notice of the deficiencies in his pleading and gave him the opportunity to amend. *See generally* ECF 29. At that time, the Court cautioned Plaintiff

that "[f]urther failure to state a claim may render subsequent amendment futile." *Id.* at 6. In the TAC, Plaintiff cured some, but not all, of the Court's previous findings. *See* ECF 31 ¶ 5. As discussed above, Plaintiff did not dispel the Court's prior determinations that he had not engaged in protected activity or experienced harassment based on a protected status and that he consented to publication of the allegedly defamatory statements through his unilateral conduct. Thus, even under the liberal Rule 15(a) standard, it is "absolutely clear" that Plaintiff could not cure, by further amendment, the deficiencies identified in this and prior Orders. *Akhtar*, 698 F.3d at 1212 (citation omitted). Accordingly, the Court denies Plaintiff leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is **GRANTED** without leave to amend. The Court hereby DISMISSES this action with prejudice and further ORDERS the Clerk to treat this Order as an entry of judgment. L.R. 58-6.

**IT IS SO ORDERED.**

Dated: June 28, 2024

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE